## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH COUNTY DIVISION

BLAIRE STANLEY

    Plaintiff

-v-

Case No. 9:14-cv-80284-DMM

KANSAS COUNSELORS OF KANSAS CITY;
AND
UNKNOWN OTHERS



FILED by \_\_\_\_ D.C.

MAR 06 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

    Defendant

## VERIFIED FIRST AMENDED COMPLAINT

    COMES NOW the Plaintiff, BLAIRE STANELY, hereby sues Defendant KANSAS COUNSELORS OF KANSAS CITY individually for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), Fair Credit Reporting Act (FCRA) 15 U.S.C 1681 et seq. and the Administrative Procedure Act 5 U.S.C §500, Defendant violating Plaintiff's due process and protection under the law.

## PRELIMINARY STATEMENT

This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 e, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(5), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(11), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 f, Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 f(1), the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), Fair Credit Reporting Act 15 USC § 1681, 15 U.S.C. §1681 b(f) ;15 U.S.C. §1681b. and the Administrative Procedure Act 5 U.S.C. § 552 et seq.

1. Upon belief and information, Plaintiff contends that many of these practices are widespread from the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.
2. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.
4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.
5. This is an action for damages which exceeds $9,000.00.

## PARTIES

6. Plaintiff, Blaire Stanley, is a natural person and is a resident of the State of Florida.
7. Upon information and belief Defendant, KANSAS COUNSELORS OF KANSAS CITY is **not authorized** to do business in Florida.

## FACTUAL ALLEGATIONS

8. On or about December 26, 2013 the Plaintiff sent a Qualified Written Request (QWR) to KANSAS COUNSELORS OF KANSAS CITY for verification of their claim of a debt owed by Plaintiff. See exhibit "A" Debt Collector/Alleged Creditor has been reporting derogatory information to at least one or all three

major credit bureaus (EQUIFAX, EXPERIAN, & TRANSUNION) regarding an alleged account owed by Plaintiff. Violating 15 USC.§ 1692g(b).

9. The QWR was sent pursuant to Administrative Procedure Act 5 U.S.C. § 552 et seq, the FDCPA pursuant to15 USC. §1692g(b), the FCCPA FLA. STAT. §559(Part VI), and other relative federal statutes;

10. Defendant failed/refused to validate the alleged obligation and respond in allotted time specified;

11. Plaintiff has no contractual obligation to pay KANSAS COUNSELORS OF KANSAS CITY. Violating 15 U.S.C. §1692e;15 U.S.C. §1692e(2);15 U.S.C. §1692f(1); and Fla Stat 559.715;

12. Defendant KANSAS COUNSELORS OF KANSAS CITY failed to allege any type of agreement or any evidence that Plaintiff ever had an open end consumer credit plan, contract, or account with KANSAS COUNSELORS OF KANSAS CITY. Violating 15 U.S.C. §1692f(1)

13. KANSAS COUNSELORS OF KANSAS CITY is in violation of Florida Statutes 559.715, which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiff within 30 days after assignment.

14. On or about January 29, 2014, Plaintiff received a phone call from Dave Haggarety (who left a message and plaintiff returned the phone call), a claims representative from Travelers Insurance stating that he is an insurance adjuster and that the Defendant has made a claim on the alleged accounts and that Defendant has been paid for alleged accounts that do not exist. Violating 1692e (11)

15. Plaintiff has been damaged by the Defendant due to their derogatory and inaccurate reporting to at least one or all three of the major credit bureaus. Subsequently, Plaintiff was recently denied credit for a re-modification of an auto-loan on 11/21/13 with First Choice Credit Union.

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANT KANSAS COUNSELORS OF KANSAS CITY**

16. Plaintiff alleges and incorporates the information in paragraphs 1 through 15.

17. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

18. Defendant KANSAS COUNSELORS OF KANSAS CITY are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

19. The Defendants violated the FDCPA by the following:

   (a) Defendant violated 15 U.S.C. §1692e by using any other, false deceptive, or misleading representation or means in connection with the debt collection.

   (b) Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

   (c) Defendant violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

   (d) Defendant violated 15 U.S.C. §1692e(11) communication fail to contain the mini-miranda

**WHEREFORE,** Plaintiff demands judgment for damages against KANSAS COUNSELORS OF KANSAS CITY for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA 15 U.S.C. §1692 .

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT KANSAS COUNSELORS OF KANSAS CITY

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. Plaintiff is a consumer within the meaning of §559.55(2).

22. KANSAS COUNSELORS OF KANSAS CITY are debt collectors within the meaning of §559.55(6).

23. The Defendants violated §559.72(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.

24. The Defendant violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

**WHEREFORE,** Plaintiff demands judgment for damages against KANSAS COUNSELORS OF KANSAS CITY for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT KANSAS COUNSELORS OF KANSAS CITY

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

27. KANSAS COUNSELORS OF KANSAS CITY is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

28. KANSAS COUNSELORS OF KANSAS CITY willfully violated the FCRA. Defendant's violations include, but are not limited to the following: 15 U.S.C. §1681b(f) otherwise has a legitimate business need for the information— (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

**WHEREFORE**, Plaintiff demands judgment for damages against KANSAS COUNSELORS OF KANSAS CITY for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### COUNT IV
### VIOLATION OF FEDERAL DEBT COLLECTION PROCEDURE , 28 U.S.C. §3001-3308 and the FREEDOM OF INFORMATION ACT under 5 U.S.C. §552 ADMINISTRATE PROCEDURE ACT BY DEFENDANT KANSAS COUNSELORS OF KANSAS CITY

29. Plaintiff alleges and incorporates the information in paragraphs 1 through 28.

30. Plaintiff is a debtor within the meaning of 28 U.S.C. §3002(4)

31. Plaintiff and Defendant KANSAS COUNSELORS OF KANSAS CITY are persons within the meaning of 28 U.S.C. §3002(10)

32. Defendant KANSAS COUNSELORS OF KANSAS CITY are the UNITED STATES within the meaning of 28 U.S.C. §3002(15)(A),(B), & (C)

33. Defendant KANSAS COUNSELORS OF KANSAS CITY are AGENCIES within the meaning of 5 U.S.C. §500(a),(1),(2) & §551(1) & (B)

34. The Defendants violated 5 U.S.C. §552 by the following:

5 U.S.C. §552 (6)

a.) (A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall— (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination; and (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection. The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section. The 20-day period shall not be tolled by the agency except— (I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or (II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

b.) 5 U.S.C. §552a

(c) **Accounting of Certain Disclosures.**— Each agency, with respect to each system of records under its control, shall—

(1) except for disclosures made under subsections (b)(1) or (b)(2) of this section, keep an accurate accounting of—

(A) the date, nature, and purpose of each disclosure of a record to any person or to another agency made under subsection (b) of this section; and

(B) the name and address of the person or agency to whom the disclosure is made;

(2) retain the accounting made under paragraph (1) of this subsection for at least five years or the life of the record, whichever is longer, after the disclosure for which the accounting is made; (3) except for disclosures made under subsection (b)(7) of this section, make the accounting made under paragraph (1) of this subsection available to the individual named in the record at his request; and

(4) inform any person or other agency about any correction or notation of dispute made by the agency in accordance with subsection (d) of this section of any record that has been disclosed to the person or agency if an accounting of the disclosure was made.

(d) **Access to Records.**— Each agency that maintains a system of records shall—

(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence; (2) permit the individual to request amendment of a record pertaining to him and—

(A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

(B) promptly, either—

(i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

(ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

**WHEREFORE,** Plaintiff demands judgment for damages against KANSAS COUNSELORS OF KANSAS CITY for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 5 U.S.C. §552.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a speedy trial by jury as her bona fide constitutional right for all issues as triable as a matter of law to be heard.

## VERIFIED CERTIFICATION

I, Blaire Stanley, have read the forgoing statement and everything within above are true, and correct to the best of my acknowledge under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defense and other legal contentions are warranted by existing law or by a nonfrivolous argument.

_____
(signe)

## Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the method indicated for each party

The undersigned certifies that a true copy of this document has been mailed to REGISTERED AGENT CATHERINE J. MCMILLAN for KANSAS COUNSELORS OF KANSAS CITY, INC. 100 N. MAIN STE 700, WICHITA, KS 67202 this 6th day of March 2014.

Respectfully Submitted,

BLAIRE STANLEY, ucc 1-308
440 W 34th ST
RIVIERA BEACH, FL. 33404
(561) 889- 8013

US POSTAL NO. 7002 2030 0006 4461 5327

BLAIRE STANLEY
440 W 34th St
RIVIERA BECH, FL 33404

December 23, 2013

KANSAS COUNSELORS OF KANSA CITY
PO BOX 14765
SHAWNEE MISSION, KS 66285

RE: ACCT'S. #11121060002932278; 11041060002898988; 10281060003016312
Amount due: $90.00; $513.00; $854.00

NOTICE TO PRINCIPAL NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

To whom it may concern:

KANSAS COUNSELORS OF KANSA CITY hereinafter (debt collector and/or Alleged Creditor). I have recently received my credit report from the three major credit bureaus and it has come to my attention that this account is inaccurate. If you are the debt collector and/or Alleged Creditor, this a request to validate an alleged debt pursuant to U.S.C 5, Federal Debt Collection Practice Act; Freedom of Information (FOIA); Florida consumer Practice Act (FCCPA); UCC 1-103, 1-308, 2-221, 2-104, 3-415-419, 3-500-510; Fair Debt Collection Practices Act" [15 USC 1692 et seq.] whereby, certain Conditions Precedent must be fulfilled in order to state a claim against the Claimant by "debt collector" and/or "allege creditor" in accord with the Statues cited above. Verification is required for this alleged amount due.

> **Advisory note**: The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

Page 1 of 4

1. This attempt, in good faith, is to settle any disputes of inaccuracy of this account. The following Condition Precedents must be fulfilled in order to verify this alleged debt. Conditions set forth are as follows:

    a. True, correct, complete and not misleading copies of all assignments, negotiations, transfer of rights, novation and the like, which unambiguously delineates that debt collector is the current owner, assignee, holder, holder in due course, and/or entitlement holder, which absolutely evidences Alleged Creditor's full and complete right of claim, including but not limited to any and all implied and/or expressed written contracts, and/or any and all consent with any such agreement of a novation; Debt collector and/or creditor is further Noticed that this is not a request by the Claimant for a photocopy of any invoice, statement, bill, summary, agreement and the like. And that any future communication received by Claimant from Debt Collector, in written as well as any other form, absent the above-cited requisite "Verification of debt", irrespective of the inclusion of any photocopy of any statement, bill summary, agreement, and the like, constitutes Debt Collector's tacit admission, confession and agreement that Debt Collector has no lawful, bona fide or verifiable claim, re the alleged account per the Fair Credit Reporting Act and the Fair Debt Collection Practices, and Uniform Commercial Code (UCC).

    b. Please produce all relative commercial instruments, contracts, whether implied or expressed, which contain exchange of consideration, and which contains verified, bona fide signature of Claimant;

    c. Please provide any absolute evidence of an equal exchange of a benefit for valuable consideration, including but not limited to an exchange of detriment (implied contract, unconscionable, adhesion or otherwise):

    d. Please produce any absolute evidence of any series of external acts giving the objective semblance of an agreement (objective theory);

    e. Please produce any and all documentary evidence between Claimant and debt collector and/or Alleged Creditor, that debt collector and/or Alleged Creditor, rely upon for making a presumptive claim;

    f. Please produce all relative commercial instruments and/or notices, declarations, publications, which clearly and unambiguously delineate that Claimant, was fully and completely apprised of all rights, duties, obligations, liabilities, costs, fees, in advance or subsequent to the alleged incurrence of alleged debt, and where there has been full disclosure of all relevant terms and conditions;

    g. Please produce a certified copy of any and all verified judgments relative to this instant matter.

2. In the event debt collector and/or Alleged Creditor, fails/refuses to respond to this "validation" within the prescribed time of fourteen (14) days or fails/refuses to request for an extension of time within the same prescribed time period, with good cause shown therein, the debt collector, and/or

US POSTAL NO. 7002 2030 0006 4461 5327

Alleged Creditor will have tacitly acquiesced that debt collector, and/or Alleged Creditor have and hold no bona fide, lawful, verifiable claim re this Alleged Account.
3. Claimant does not waive timelines. However, if additional time is needed, debt collector, and/or Alleged Creditor must make a request in writing before the expiration of the above fourteen (14) days time setting forth the debt collector's and/or Alleged Creditor's reason(s) for requesting such extension of time with good cause shown. All such request(s) for extension of time will be fully considered by Claimant, either the granting thereof for good cause shown, or the denial thereof, however, such grant or denial is condition solely upon the decision of Claimant.
4. Debt collector and/or Alleged Creditor also tacitly consent and agree that both debt collector and/or Alleged Creditor have an absolute duty and obligation for preventing this Alleged Account from damnifying the Claimant, in any way shape or form, including but not limited to slander of credit. Upon debt collector's and/or Alleged Creditors failure/refusal to timely respond, will constitute their tacit acquiescence, thereby making tacit procuration that no bona fide, lawful, verifiable claim exists, past or present, there by consenting and confessing judgment. Claimant, reserves all rights and defenses, including but not limited to:

   f. Initiating a counterclaim against debt collector and/or Alleged Creditor;
   g. Filing a claim in a State or Federal Court and against the bond or insurance contract of any responsible party, including but not limited to debt collector, and/or Alleged Creditor, all principals, agents, assignees, employees of debt collector and/or Alleged Creditor, whose acts, actions, omissions result in any type or kind of tort damages, slander of credit and the like, against the Claimant.

## PRIVACY ACT NOTICE

5. This written communication constitutes Claimant's due process notice for being heard. Absent compliance with all requirements set forth herein debt collector and/or Alleged Creditor, are barred from using any defenses of immunity from prosecution for debt collectors and/or Alleged Creditors acts, actions and omissions, including its/their principals, agents, assigns, employees and the like.
6. By this notice, debt collector and/or Alleged Creditor, including its/their principals, agents, assigns, employees, shall comply with the provisions of the "Privacy Act of 1974," as lawfully amended at [12 USC § 3401], the "Right to Financial Privacy Act" of 1978, as lawfully amended at [5 USC § 552a], and the "Third Party Summons Act" special procedures [26 USC § 7609], for assisting the Claimant in keeping inviolate certain constitutionally protected privacy rights and guarantees, and from preventing encroachment thereon.
7. By this notice, debt collector and/or Alleged Creditor, including but not limited to principals, agents, assignees, employees, shall comply with this demand; debt collector and/or Alleged Creditor, shall provide Claimant with a copy of any express written authorization from Claimant, whereby debt collector and/or Alleged Creditors are authorized for disclosing/divulging/sharing,

any type or kind of information with any third-party, in any manner, as well as by means of communication, any information, documentation, data, property, effects and the like re Claimant. Debt collector and/or Alleged Creditor failure/refusal in providing said foregoing demanded

8. Debt collector and/or Alleged Creditor possesses neither express, written authorization, nor consent, from Claimant for using, revealing/disclosing/divulging/sharing with any third party any secured information, documentation, data, property, effects, and the like of Claimant.
9. If Debt collector and/or Alleged Creditor cannot provide an appropriate *claim against Claimant* this offer becomes binding upon every principal, agent, assignee, assignor, employer, employee and the like, re the subject matter set forth herein and herewith, and each and every principal and agent is:
    h. Barred from providing any Credit Reporting Agency any derogatory credit information regarding the above referred debt;
    i. Prohibited from contacting any other third party regarding the above referred alleged debt, until debt collector and/or Alleged Creditor have established the existence of a bona fide, lawful, verifiable claim in substance and in fact, and until such alleged debt is verified as indicated herein and herewith.

    **Advisory Note:** "Fair Debt Collection Practices Act" [15 USC § 1692 et seq.] states in relevant part: *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,"* which includes *"the false representation of the character, or legal status of any debt,"* as well as " the threat to take any legal action that cannot be legally taken," all of which constitute violations of law.

    **[15 USC § 1692e(8)]** states: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed, is a violation of § 1692e."

    k. Until the alleged debt is verified in accord with the "Fair Debt Collection Practices Act" and said verification is sent to Claimant, each and every contact received by Claimant, and any and all information which is not removed from the Credit Reporting Agency, constitutes harassment, slander of credit, defamation of character, creating a false public record by use of mails and wire communications, with intent to obstruct lawfully communicated information, and are subject to liability for damages, as well as statutory damages, including any and all legal costs, or fees incurred for each and every violation.

Thank you in advance for your prompt attention to these urgent matters of my concern. If you have any questions or comments please feel free to contact me at the address listed above.

Respectfully,

*[signature]* Secured Party Creditor
Blaire Stanley