UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLAIRE STANLEY ,                                                    CASE NO.  9:14-CV-80284-DMM

       Plaintiff,

vs.

KANSAS COUNSELORS OF KANSAS CITY,
AND UNKNOWN OTHERS,

       Defendants.                                /

## DEFENDANT KANSAS COUNSELORS'
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, KANSAS COUNSELORS OF KANSAS CITY ("KANSAS COUNSELORS"), hereby responds to Plaintiff's Amended Complaint as follows:

### PRELIMINARY STATEMENT

All allegations are denied unless specifically admitted, including any allegations of fault, causation, liability, negligence, breach, duty, damages and statutory liability.

Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the "Federal Debt Collection Procedure, 28 U.S.C. §3001-3308, and the Freedom of information Act under 5 U.S.C. § 552 Administrative Procedure Act" ("APA"). Defendant denies that it violated the FDCPA, FCCPA, FCRA, APA, or any other statute or law, and denies that it is liable to Plaintiff.  Defendant is without knowledge as to the allegations directed at others, and therefore denies those allegations.  Defendant further denies any remaining allegations in the opening paragraph.

1. In response to the allegations contained in Paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff contends that Defendant violated certain statutes. The remaining allegations allege a legal conclusion or statement, and no factual response is required. Defendant denies that it violated any statute or law, and denies that it is liable to Plaintiff. Defendant is without knowledge as to the allegations directed at others, and therefore denies those allegations. Defendant further denies any remaining allegations in this paragraph.

2. In response to the allegations contained in Paragraph 2 of the Amended Complaint, Defendant admits that Plaintiff contends that Defendant violated certain statutes. The remaining allegations allege a legal conclusion or statement, and no factual response is required. Defendant denies that it violated any statute or law, and denies that it is liable to Plaintiff. Defendant further denies any remaining allegations in this paragraph.

## **JURISDICTION AND VENUE**

3. In response to Paragraph 3 of the Amended Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within the jurisdiction of this Court. Defendant specifically denies jurisdiction is proper under Fla. Stat. §47.051. All other allegations are denied.

4. In response to Paragraph 4 of the Amended Complaint, Defendant admits that Plaintiff purports to allege venue is proper. Defendant is without knowledge as to the allegations regarding Plaintiff's residence, and therefore denies the same. All other allegations are denied.

5. In response to Paragraph 5 of the Amended Complaint, Defendant admits that Plaintiff purports to allege venue is proper. All other allegations are denied.

**PARTIES**

6. In response to Paragraph 6 of the Amended Complaint, Defendant only admits that Plaintiff is a natural person. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, denies same as directed at this Defendant.

7. Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

**FACTUAL ALLEGATIONS**

8. In response to the allegations contained in Paragraph 8 of the Amended Complaint, the referenced letter is the best evidence of its contents. Defendant is without knowledge as to the unspecified remaining allegations, and therefore denies those allegations. Defendant denies that it violated any statute, and denies that it is liable to Plaintiff.

9. In response to the allegations contained in Paragraph 9 of the Amended Complaint, the referenced letter is the best evidence of its contents. Defendant is without knowledge as to the unspecified remaining allegations, and therefore denies those allegations. Defendant denies that it violated any statute, and denies that it is liable to Plaintiff.

10. Defendant denies the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Amended Complaint as phrased. Defendant admits it has attempted to collect an amount owed to its clients by a person with a same or similar name as plaintiff, but denies that it violated any statute, and denies that it is liable to Plaintiff. All other allegations are denied.

12. Defendant denies the allegations of Paragraph 12 of the Amended Complaint as phrased. Defendant admits it has attempted to collect an amount owed to its clients by a person

with a same or similar name as plaintiff, but denies that it violated any statute, and denies that it is liable to Plaintiff. All other allegations are denied.

13. Defendant denies the allegations of Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Amended Complaint. Further answering, any allegation of a phone call between Plaintiff and Defendant's insurance representative are irrelevant and should be stricken as improper reference to negotiations regarding the lawsuit and claim made to Defendant's insurance carrier.

15. Defendant denies the allegations of Paragraph 15 of the Amended Complaint.

## COUNT I –FDCPA

16. In response to the allegations contained in Paragraph 16, Defendant repeats and realleges each and every answer given in response to the allegations contained in Paragraphs 1 through 15 of the Amended Complaint.

17. In response to Paragraphs 17 of the Amended Complaint, Defendant is without knowledge as to whether Plaintiff is a "consumer" as defined by the FDCPA or FCCPA. All other allegations are denied.

18. In response to Paragraphs 18 of the Amended Complaint, Defendant is without knowledge as to as to the allegations pertaining to Plaintiff. Defendant admits that it is sometimes may be construed as a "debt collector" as defined by the FDCPA. All other allegations are denied.

19. Defendant denies the allegations contained in Paragraph 19.

## COUNT II –FCCPA

20. In response to the allegations contained in Paragraph 20, the incorporation of all allegations in multiple counts constitutes an impermissible shotgun pleading and the claim

should be stricken and dismissed. To the extent a response is required, Defendant repeats and realleges each and every answer given in response to the allegations contained in Paragraphs 1 through 19 of the Amended Complaint. All allegations are denied unless specifically admitted.

21. In response to Paragraphs 21 of the Amended Complaint, Defendant is without knowledge as to whether Plaintiff is a "consumer" as defined by the FDCPA or FCCPA. All other allegations are denied.

22. In response to Paragraphs 22 of the Amended Complaint, Defendant is without knowledge as to as to the allegations pertaining to Plaintiff. Defendant admits that it is sometimes may be construed as a "debt collector" as defined by the FDCPA. All other allegations are denied.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

## **COUNT III – FCRA**

25. In response to the allegations contained in Paragraph 25, the incorporation of all allegations in multiple counts constitutes an impermissible shotgun pleading and the claim should be stricken and dismissed. To the extent a response is required, Defendant repeats and realleges each and every answer given in response to the allegations contained in Paragraphs 1 through 24 of the Amended Complaint. All allegations are denied unless specifically admitted.

26. In response to Paragraphs 26 of the Amended Complaint, Defendant is without knowledge as to whether Plaintiff is a "consumer" as defined by the FCRA. All other allegations are denied.

27. In response to Paragraphs 27 of the Amended Complaint, Defendant is without knowledge as to as to the allegations pertaining to Plaintiff. Defendant admits that it is

sometimes may be construed as a "furnisher of information: as defined by the FCRA.  All other allegations are denied.

28. Defendant denies the allegations contained in Paragraph 28.

## COUNT IV – APA – 5 U.S.C. §552

29. In response to the allegations contained in Paragraph 29, the incorporation of all allegations in multiple counts constitutes an impermissible shotgun pleading and the claim should be stricken and dismissed.  To the extent a response is required, Defendant repeats and realleges each and every answer given in response to the allegations contained in Paragraphs 1 through 28 of the Amended Complaint.  All allegations are denied unless specifically admitted.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31, as the statute is inapplicable to the facts asserted.

32. Defendant denies the allegations contained in Paragraph 33.

33. Defendant denies the allegations contained in Paragraph 34.

## AFFIRMATIVE DEFENSES

34. The damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s), and to the extent so, claims against this Defendant are barred or diminished.

35. Defendant states that if it violated the FDCPA, FCCPA, FCRA, APA, or any other statute or law, which Defendant denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

36. Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

37. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, to the extent any of the alleged communications or violations occurred outside the applicable limitations period.

38. Plaintiff's claims are barred or diminished by the doctrine of estoppel, as Plaintiff knew of the existence of the debt at issue and did not pay the debt.

39. Defendant affirmatively denies that all conditions precedent have occurred, as Plaintiff sued before this Defendant before Defendant was provided the requisite statutory time allowed to investigate Plaintiff's alleged dispute and furnish its response to the a consumer dispute under the FCRA. Accordingly, Plaintiff's claims are barred or diminished.

40. Although it is Plaintiff's burden, to the extent it is determined to be Defendant's burden, Plaintiff's claims are barred or diminished by Plaintiff's prior disputes and the "consumer disputes" were frivolous, and further, the related trade line was deleted.

41. Although it is Plaintiff's burden, to the extent it is construed as a Defendant's burden, Plaintiff's claims are barred or diminished because this Defendant acted in good faith and without any malice, ill will, purpose or fault, or other similar malicious intent, relating to the allegations at issue.

42. Plaintiff's claims under the FCRA cannot be sustained as a matter of law since this Defendant neither falls within the statutory definition of a "consumer reporting agency" nor does any information from this Defendant provided to the credit reporting agency constitute a "consumer report." Therefore, this Defendant is not subject to the restrictions and/or penalties imposed by the FCRA.

43. Plaintiff lacks standing to assert the claims since Plaintiff has not incurred any actual damages or actual injury. Accordingly, this Court lacks subject matter jurisdiction.

44. Although it is Plaintiff's burden, to the extent it is construed as a Defendant's burden, Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered actual damages due to any alleged violations of the FDCPA, FCCPA, FCRA or APA by Defendant.

45. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

## ATTORNEY'S FEES AND COSTS

46. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

47. Plaintiff's claims are asserted against this Defendant in bad faith and for the purpose of harassment.

48. Defendant is entitled to the award of attorneys fees and costs pursuant to 15 U.S.C. §§ 1692k, 1681n, 28 U.S.C. §§ 1927, 1920, Fla. Stat. §§ 57.105 and 559.77, and any other Federal or Florida law.

WHEREFORE, Defendant, KANSAS COUNSELORS OF KANSAS CITY, respectfully requests this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 15 U.S.C. §§ 1692k, 1681n, 28 U.S.C. §§ 1920 and 1927, and Fla. Stat. §§ 57.105 and 559.77, and any other Federal or Florida law, in favor of

Case 9:14-cv-80284-DMM Document 12 Entered on FLSD Docket 03/31/2014 Page 9 of 10

CASE NO. 9:14-CV-80284-DMM

Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

                                                Respectfully submitted,

                                                *s/David P. Hartnett*
                                                David P. Hartnett,
                                                Florida Bar No. 946631
                                                dhartnett@hinshawlaw.com
                                                HINSHAW & CULBERTSON LLP
                                                2525 Ponce de Leon Boulevard
                                                4th Floor
                                                Coral Gables, FL 33134
                                                Telephone: 305-358-7747
                                                Facsimile: 305-577-1063
                                                Attorneys for Defendant KANSAS
                                                COUNSELORS OF KANSAS CITY

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on March 31, 2014, I served this document by filing it with the Court's CM/ECF system, and served Plaintiff appearing pro se via mail as reflected below.

                                                *s/David P. Hartnett*
                                                David P. Hartnett

CASE NO.  9:14-CV-80284-DMM

## SERVICE LIST

Blaire Stanley
440 W 34th Street
Riviera Beach, FL 33404
(561) 889-8013