UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



BLAIRE STANLEY
    Plaintiff

                             Case No.9:14-CV-80284-DMM

-v-

KANSAS COUSELORS OF KANSAS CITY;
AND
UNKNOWN OTHERS

    Defendant

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

### PROCEDURAL BACKGROUND

On March 6, 2014 Plaintiff filed a verified amended complaint with this court an action for damages and injunctive relief against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 e, Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(5), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 e(11),  Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 f,  Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 f(1), Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692g,  the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), Fair Credit Reporting Act 15 USC § 1681, 15 U.S.C. §1681 b(f) ;15 U.S.C. §1681b. and the Administrative Procedure Act 5 U.S.C. § 552 et seq

### STANDARD REVIEW

Summary judgment is appropriate where the moving party establishes that "there is no

genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed

R. Civ P. 56(a); see also Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 501 (3d Cir.2008). A

factual dispute between the parties will not defeat a motion for summary judgment unless it is both

genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Dee v.

Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). A factual dispute is genuine if a

reasonable jury could return a verdict for the non-movant, and it is material if, under the

substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248; Fakete v.

Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to

admissible evidence in court, it would be insufficient to permit the non-moving party to carry its

burden of proof. See Celotex v. Catrett, 477 U.S. 317, 327 (1986). Once the moving party has carried

its burden under Rule 56, "its' opponent must do more than simply show that there is some

metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380

(2007). Under Fed. R. Civ. P. 56(e), the opposing party must set forth specific facts showing a

genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.

SeeMarten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007).

At the summary judgment stage the court's function is not to weigh the evidence and determine

the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson,

477 U.S. at 249; Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3dCir. 2007). In doing

so, the court must construe the facts and inferences in the light most favorable to the non-moving party.

See Horsehead Indus., Inc. v. Paramount Communications, Inc., 258 F.3d 132 (3d Cir. 2001). The court

must award summary judgment on all claims unless the non-moving party shows through affidavits or

admissible evidence that an issue of material fact remains. See, e.g., Love v. Rancocas Hosp., 270

F.Supp.2d 576, 579 (D.N.J. 2003); KochMaterials Co. v. Shore Slurry Seal, Inc., 205 F.Supp.2d 324,

330 (D.N.J. 2002).Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)… "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Haines v. Kerner, 404 U.S. 519 (1972)… "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"…"which we hold to less stringent standards than formal pleadings drafted by lawyers."Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvannia R. Co., 151 Fed. 2nd 240; Pucket v. Cox, 456 2nd 233…. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pucket v. Cox, 456 2nd 233, (1972) (6th Cir. USCA)… It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Platsky v. CIA, 953 F. 2d 25, 26, (2nd cir. 1991)

## STATEMENT OF UNDISPUTED FACTS

1.  Plaintiff was denied a line of credit from Loanliners in November of 2013.

2.  Plaintiff was denied this line of credit from Loanliners because the Defendant had obtained her personal information and was reporting false, inaccurate and derogatory information to Equifax and Experian, thus causing her credit score to plummet.

3.  After the denial letter, Plaintiff received her credit report and discovered Defendant was reporting information on **three** separate accounts.

4.  On or about December 23, 2013 Plaintiff sent a validation letter which was the initial communication between Plaintiff and KANSAS COUSELORS via certified mail 70020203000644615327 see (Plaintiffs Exhibit A of First Verified Amended Complaint) for validation of the alleged debts allegedly owed by Plaintiff. (See Plaintiff's Affidavit of fact ¶ 2 and Exhibit A)

5. On or about December 26 Plaintiff mailed letters to Experian and Equifax disputing the alleged accounts that were reported by Defendant. *See* (Exhibits 3, 3a, 4, 4a and Plaintiff's Affidavit of fact ¶3.)

6. Plaintiff had not received any response from Defendant until February 6, 2014, well over a month after the initial letter was sent by Plaintiff and received by Defendant, thus violating the requirements under 15 U.S.C 1692g See ( Plaintiff's VAC¶ 8) (Exhibit 2).

7. Defendant's summary judgment and Steve Tomac's declaration fails to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration; There is no evidence that Physician's Lab is the Assignor of any alleged obligation of $90.98 as the Defendant claims. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶10) .

8. Defendant's motion for summary judgment and Steve Tomac's declaration fails to show that the Assignor even has knowledge of this  action or that the Assignor conveyed all rights and control to the Defendant. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 8) .

9. Defendant's summary judgment and Steve Tomac's declaration fails to show whether or not the purported assignment was partial  or complete, and there is no evidence that the purported assignment was bona fide. The record  does not disclose this information and it cannot be assumed without creating an unfair  prejudice against the Plaintiff. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 8) .

10. There is a huge discrepancy in the allege amount the Defendant claims Plaintiff owes and the invoice from Physicians' Lab; Defendant alleges Plaintiff owes $98.90 however on Physician's Lab invoice the amounts of -**$45.49** are negative amounts which is why the amount due on this invoice is **$0.00**. *See* (Defendant's exhibit D).  *See* (Plaintiff's Motion to Strike Declaration of

Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 16) .

11. There is no evidence to prove Defendant sent an initial notice on July 11, 2011,. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 11) .

12. KANSAS COUSELORS has knowledge and wilfully attempted to collect on a debt it knows is uncollectable. It received statements, specifically the statement with account number 2117975 from Physicians Reference Laboratory on or about January 22 or 23 showing a **$0.00**. Defendant had more than enough knowledge from Physicians Reference Laboratory showing the obligations had been extinguished. See (Defendant's Exhibit D Physicians Reference Lab).

13. Defendant's summary judgment and Steve Tomac's declaration fails to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration. There is no evidence that St. Joseph Medical Center is the Assignor of any alleged obligation of $513.03 as the Defendant claims. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13).

14. Defendant's motion for summary judgment and Steve Tomac's declaration fails to show that the Assignor even has knowledge of Defendant collecting on its behalf or that the Assignor conveyed all rights and control to the Defendant. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13).

15. Defendant's summary judgment and Steve Tomac's declaration fails to show whether or not the purported assignment was partial  or complete, and there is no evidence that the purported assignment was bona fide. The record  does not disclose this information and it cannot be assumed without creating an unfair  prejudice against the Plaintiff. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13).

16. There is no evidence to prove Defendant sent an initial notice on June 8, 2011. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of

Facts¶ 12 and ¶13).

17. Defendant's summary judgment and Steve Tomac's declaration fails to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration. Defendant's summary judgment and Steve Tomac's declaration fails to allege a valid assignment of debt and there are no averments  as to the nature of the  purported assignment or evidence of valuable consideration. There is no evidence that St. Joseph Medical Center is the Assignor of any alleged obligation of $854.75 as the Defendant claims. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff Affidavit of Facts ¶ 13.)

18. Defendant's motion for summary judgment and Steve Tomac's declaration fails to show that the Assignor even has knowledge of Defendant collecting on its behalf or that the Assignor conveyed all rights and control to the Defendant. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff Affidavit of Facts ¶ 13.)

19. Defendant's summary judgment and Steve Tomac's declaration  fails to show whether or not the purported assignment was partial  or complete, and there is no evidence that the purported assignment was bona fide. The record  does not disclose this information and it cannot be assumed without creating an unfair  prejudice against the Plaintiff. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff Affidavit of Facts ¶ 13.)

20. There is no evidence to prove Defendant sent an initial notice on September 21, 2011, *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff Affidavit of Facts ¶ 13.)

21. Plaintiff had no connection with KANSAS COUSELORS in any way that may pertain to a legitimate business transaction. There were never any intended agreements or contracts between Plaintiff and Defendant that could possibly be construed as a legitimate business relationship for Defendant to report on Plaintiff's credit reports.

22. KANSAS COUSELORS fail to investigate any of Plaintiff multiple timely disputes upon receipt, in violation of FCRA U.S.C 1681b( See Plaintiff Comp)

LAW AND ARGUMENT

Operating from the principal of contracts and obligations the U.S Constitution, from which the alleged obligation originates, identified under Article I, § 10 No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; **make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts**, or grant any title of nobility. This right shall be construed in conformity with the **14th amendment Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. **No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

## **PLAINTIFF PREVAILS ON FDCPA CLAIMS**

Plaintiff prevails on the FDCPA claims because of Defendant's unlawful acts of reporting inaccurate and derogatory information to Experian and Equifax. This action is not about the debt as the Defendant would have this court to believe, it is soley about the *method* in which this debt collector used in attempt to collect on a unsubstantiated debt. Whereby its wrongful action caused Plaintiff's credit score to plummet and thus Plaintiff was denied an $18,534.00 loan to refinance her vehicle.( See exhibit B ). Defendant's reporting to the credit bureaus without Plaintiff's knowledge is a blatant violation of section 1692e.

On or about 12/18/2013 Plaintiff pulled her own credit reports after the denial of the loan with loanliner; she discovered the Defendant obtain her credit report and was reporting false, inaccurate and derogatory

information about her on her credit report. "[B]ecause the FDCPA is qualified by the discovery rule, the FDCPA's one year statute of limitations does not begin to run until the aggrieved party learns or should have learned of the FDCPA violation. As such, the Ninth Circuit held a lawsuit commenced within one year of the date on which the aggrieved party learns of the violation is timely even though it is more than one year from the date of the violation." *See* Magnum v. Action Collection Service, 575 F.3d 935 (9th Cir. 2009).

Plaintiff sent KANSAS COUNSELORS OF KANSAS CITY a written validation letter dated December 23, 2013 via U.S. certified mail no. 700202030000644615327(see Exhibit A). Defendant failed/refused to respond timely pursuant to 15 U.S.C. 1692g and failed to produce the documents requested that would validate a bonifide obligation and give Defendant permissible purpose to seek to collect a debt and further report information about Plaintiff to the credit bureaus. Defendant states that initial notices were sent "regarding the accounts that Defendant sought to collect on ..." however, there is no evidence that Defendant **sent** these notices and Plaintiff is in receipt of such notices. Plaintiff did not receive any notices from Defendant regarding this alleged debt at any time prior to the initiation of this action. The first time any communication occurred between Plaintiff and Defendant was after Plaintiff mailed the aforementioned validation letter; which means that *Plaintiff* was the first to initiate communication and 15 U.S.C. 1692 (g) clearly states "within 5 days after the initial communication with a consumer...a debt collector shall send the consumer a written notice containing----

  (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to

the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Defendant failed to respond within the time specified by this statue and still has not provided the requested validation.

Defendant fails to show a valid assignment of debt and there are no averments as to the nature of the purported assignment or evidence of valuable consideration; there is no evidence that Physician's Lab is the Assignor of any alleged obligation of $90.98 as the Defendant claims. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶8) . Defendant fails to show that the Assignor even has knowledge of this action or that the Assignor conveyed all rights and control to the Defendant. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 8) . Defendant fails to show whether or not the purported assignment was partial or complete, and there is no evidence that the purported assignment was bona fide. The record does not disclose this information and it cannot be assumed without creating an unfair prejudice against the Plaintiff. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 8) . "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." ***Fed.R 1002. Requirement of the Original.***. This court must also take judicial notice of ***Fed.R 1003. Admissibility of Duplicates***-A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Defendant would have to have the Plaintiff signature on a written agreement to show a business

relationship exist and their obligation under this agreement between both parties. "No person shall be… be deprived of life, liberty, or property, without due process of law…" under Article V of the Bill of Rights. Under Article I section X of the U.S. Constitution states that "No state shall…pass any…law impairing the obligation of contracts." And "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…" as stated under Article IV of the Bill of Rights.

"Documentary evidence introduced in federal courts must be authenticated under the provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added). See also First National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither self-authenticating nor authenticated by the testimony"); United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-authenticating, it is admissible under other procedures for authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

"Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA 1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974)); seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record.

See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original . . . . The custodian's signature must follow the statement"). Compare King v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)

There is a huge discrepancy in the allege amount the Defendant claims to owe and the  invoice from Physicians' Lab, Defendant alleges Plaintiff owes $98.90 however on Physician's Lab invoice the amounts of -$45.49  are negative amounts which is why the amount due on this invoice is **$0.00**. *See* (Defendant's exhibit D).  *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶7 and Plaintiff's Affidavit of Facts¶ 16)  Defendant has not produced any contractual agreement between neither Plaintiff and Defendant nor Defendant and alleged creditors, as proof that Defendant has a permissible purpose to report on Plaintiff's credit report and to collect anything on the behalf of anyone from Plaintiff. Again, Defendant has not provided any evidence that a creditor/real party in interest exist. And continued its unlawful acts in failing to validate  and verified these alleged accounts. There is no evidence that Defendant sent an "initial notice" in 2011 as it claims. Plaintiff never received any such initial notice from Defendant. The statements made in the Declaration of Steve Tomac are hearsay, false and inaccurate.  *See* [Plaintiff's Motion to Strike Declaration of Steve Tomac].

KANSAS COUSELORS has knowledge and is wilfullying trying to collect on a debt it knows is uncollectable. It received statements, specifically the statement with account number 2117975 from Physicians Reference Laboratory on or about January 22 or 23showing a **$0.00**. Defendant had more than enough knowledge from Physicians Reference Laboratory showing the obligations had been extinguished. See (Defendant's Exhibit D Physicians Reference Lab).

Defendant fails to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration. There is no evidence that St. Joseph Medical Center is the Assignor of any alleged obligation of $513.03 as the Defendant claims. *See*

(Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13).

Defendant fails to show that the Assignor even has knowledge of Defendant collecting on its behalf or

that the Assignor conveyed all rights and control to the Defendant. *See* (Plaintiff's Motion to Strike

Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13). Defendant fails to show

whether or not the purported assignment was partial or complete, and there is no evidence that the

purported assignment was bona fide. The record does not disclose this information and it cannot be

assumed without creating an unfair prejudice against the Plaintiff. *See* (Plaintiff's Motion to Strike

Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13). ***Fed.R 1002. Requirement***

***of the Original*** -An original writing, recording, or photograph is required in order to prove its content

unless these rules or a federal statute provides otherwise. This court must also take judicial notice of

***Fed.R 1003. Admissibility of Duplicates*-**A duplicate is admissible to the same extent as the original

unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to

admit the duplicate. Defendant would have to have the Plaintiff signature on a written agreement

to show a business relationship exists and there is an obligation of performance under this

agreement between both parties. "No person shall be…deprived of life, liberty, or property,

without due process of law…" under Article V of the Bill of Rights. Under Article I section X of

the U.S. Constitution states that "No state shall…pass any…law impairing the obligation of

contracts." And "[t]he right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall

issue, but upon probable cause, supported by Oath or affirmation…" under Article IV of the Bill

of Rights.

> "Documentary evidence introduced in federal courts must be authenticated
>
> under the provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco
>
> Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added).

See also First National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither self-authenticating nor authenticated by the testimony"); United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-authenticating, it is admissible under other procedures for authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

"Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA 1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974)); seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record. See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original . . . . The custodian's signature must follow the statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)( Defendant claims it sent an initial notice on June 8, 2011, however, there is no evidence to prove this. See (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶8 and Plaintiff's Affidavit of Facts¶ 12 and ¶13).

Defendant fails to show a valid assignment of debt and there are no averments as to the nature of the purported assignment or evidence of valuable consideration. Defendant fails to allege a valid assignment of debt and there are no averments as to the nature of the purported assignment or evidence of valuable consideration. There is no evidence that St. Joseph Medical Center is the Assignor of any

alleged obligation of $854.75 as the Defendant claims. *See* (Plaintiff's Motion to Strike Declaration of

Steve Tomac ¶9 and Plaintiff Affidavit of Facts ¶ 13.) Defendant fails to show that the Assignor even has

knowledge of Defendant collecting on its behalf or that the Assignor conveyed all rights and control to the

Defendant. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff Affidavit of Facts

¶ 13.)

Defendant fails to show whether or not the purported assignment was partial or

complete, and there is no evidence that the purported assignment was bona fide. The record does

not disclose this information and it cannot be assumed without creating an unfair prejudice

against the Plaintiff. *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff

Affidavit of Facts ¶ 13.) There is no evidence to prove Defendant sent an initial notice on

September 21, 2011, *See* (Plaintiff's Motion to Strike Declaration of Steve Tomac ¶9 and Plaintiff

Affidavit of Facts ¶ 13.) ***Fed.R 1002***. ***Requirement of the Original*** -An original writing,

recording, or photograph is required in order to prove its content unless these rules or a federal

statute provides otherwise. This court must also take judicial notice of ***Fed.R 1003. Admissibility***

***of Duplicates***-A duplicate is admissible to the same extent as the original unless a genuine

question is raised about the original's authenticity or the circumstances make it unfair to admit

the duplicate. "No person shall be... deprived of life, liberty, or property, without due process of

law..." under Article V of the Bill of Rights. Under Article I section X of the U.S. Constitution

states that "No state shall...pass any...law impairing the obligation of contracts." And "[t]he

right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable

cause, supported by Oath or affirmation..." under Article IV of the Bill of Rights. "Documentary

evidence introduced in federal courts must be authenticated under the provisions of Rules 901 or

902 of the Federal Rules of Evidence." Amoco Production Co. v. United States, 619 F.2d 1383,

1391 (10th Cir. 1980) (emphasis added). See also First National Bank v. M/V Lightning Power,

851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither self-authenticating nor

authenticated by the testimony"); United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987)

(although document is not self-authenticating, it is admissible under other procedures for

authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden

Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

 "Computer printouts, like business records, are admissible if the custodian or other

qualified witness is available to testify as to manner of preparation, reliability and

trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA

1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974));

seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a

printout may also be admissible as a properly certified copy of an official public record.

See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004

ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the

document, or other person authorized by statute to make a certification, must certify that the

copy is correct and that the person has custody of the original . . . . The custodian's signature

must follow the statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)

 Plaintiff asserts the FDCPA "establishes a strict liability standard and requires only one violation

for a consumer to prevail…" Pollack v. Bay Area Credit Serv., L.L.C., 2009 WL 2475167 (S.D. Fla. Aug.

13, 2008). FDCPA "is a strict liability statute so the consumer need not show that the violation was

intentional". Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 (S.D. Fla. 2008).

 The invoices Defendant refers to are inaccurate and there is major discrepancy in the amounts

that Plaintiff allegedly owes. *See* Defendant's Exhibit A—invoice from KANSAS COUNSELORS for

account# 2932278 with the amount owed of $90.98  and the invoice from Physician Reference

Laboratory, LLC (alleged "original creditor") account #2117975 with the amount owed of $0.00. see

(Motion to Strike Declaration of Steve Tomac) "The FDCPA has a strict liability statute, such that no

evidence of intent to mislead or deceive is necessary. Ross v. Commercial Fin. Serv. Inc., 31 F. Supp. 2d

1077, 1079 (N.D. Ill. 1999). "Because it is designed to protect consumers, the FDCPA is generally

liberally construed."McDonaiel v. South & Assocs., P.C., 325 F. Supp. 2d 1210 (D. Kan. 2004). At this

point, these documents and KANSAS COUNSELORS are at a loss of credibility. The information is

inconsistent, erroneous and totally unreliable. Steve Tomac has no personal knowledge of this situation.

He clearly does not know any of this information to be true himself. This is only what he has heard from

others and as a general rule, his declaration is hearsay evidence of facts and is not admissible. "FDCPA is

a remedial statute which should be construed liberally in favor of the consumer." Bishop v. Global

Payments Check Recovery Servs., Inc., 2003 WL 21497513 (D. Minn. June 25, 2003).


## PLAINTIFF PREVAILS ON FCRA CLAIMS


Plaintiff stated a claim under FCRA 15U.S.C 1681b(a) as a matter of law

because KANSAS COUSELORS was not entitled to obtain Plaintiffs private Experian

and Equifax consumer credit report. Plaintiffs' motion for summary judgment should be

granted in her favor because KANSAS COUSELORS obtained Plaintiffs Experian and

Equifax credit report for a reason not permitted by §15U.S.C 1681b. KANSAS

COUSELORS DID NOT TAKE ANY STEPS TO VERIFY IF Plaintiff had a contractual

agreement with them; even after disputes were sent to them; *See* (Exhibit A ) nor did

KANSAS COUSELORS have any written authorization signed by Plaintiff permitting

KANSAS COUNSELORS to obtain her credit report or her personal information to report

to any Credit Reporting Agencies (CRAs) *Fed.R 1002. Requirement of the Original* -An

original writing, recording, or photograph is required in order to prove its content unless

these rules or a federal statute provides otherwise. This court must take judicial notice of

***Fed.R 1003. Admissibility of Duplicates***-A duplicate is admissible to the same extent as

the original unless a genuine question is raised about the original's authenticity or the

circumstances make it unfair to admit the duplicate. Defendant would have to have the

Plaintiff signature on a writing agreement in order to have her authorization to obtain or

pull her credit reports. "No person shall be…deprived of life, liberty, or property, without

due process of law…" under Article V of the Bill of Rights. Under Article I section X of

the U.S. Constitution states that "No state shall…pass any…law impairing the obligation

of contracts." And "[t]he right of the people to be secure in their persons, houses, papers,

and effects, against unreasonable searches and seizures, shall not be violated, and no

Warrants shall issue, but upon probable cause, supported by Oath or affirmation…" under

Article IV of the Bill of Rights.

"Documentary evidence introduced in federal courts must be authenticated

under the provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco

Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added).

See also First National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir.

1987) (document was "neither self-authenticating nor authenticated by the testimony");

United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-

authenticating, it is admissible under other procedures for authentication); In re Bobby

Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden Environmental Services v. City of

San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

"Computer printouts, like business records, are admissible if the custodian or other

qualified witness is available to testify as to manner of preparation, reliability and

trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA 1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974)); seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record. See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original . . . . The custodian's signature must follow the statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)(

On or about November of 2013, Plaintiff became aware of KANSAS COUSELORS obtaining her personal information and her Experian and Equifax credit reports. Plaintiff saw KANSAS COUSELORS accessed her credit report, so she disputed these inquires. *See* (Exhibit A); Plaintiff did not receive any explanation as to why they accessed her credit report/personal information.

Plaintiff knows that  a business relations between KANSAS COUSELORS and Plaintiff does not and will never exist and after not hearing from Defendant within 5 days, Plaintiff then disputed with the CRAs pursuant §15 U.S.C. 1692g. *See* (Exhibit 3 and 4)

Defendant, again, did not  respond as requested to Plaintiffs' dispute letter until she initiated this lawsuit. Defendant was aware of Plaintiffs' disputes as stating, " I am willing to settle these matters. Amicably without having to file suit and I am giving you 20 days from the receipt of this letter to take the opportunity to do so." "Your refusal to respond will be taken as a tacit admission that you are in violations of the law and wish the issues be adjudicated in Federal Court." Defendant had the ability to respond to Plaintiff's consistent effort to resolve this matter, but failed to do so.

Plaintiff prevails under the FCRA, because a person must have a permissible purpose for obtaining a consumer report.  FCRA 15 U.S.C. § 1681(f)(l) and 15 U.S.C. *§* 1681b limits the circumstances under which a credit reporting agency may furnish credit reports to an enumerated set of

"permissible purpose." One enumerated permissible purpose is their use of a credit report "in connection with a credit **transaction** involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *Id* 15 U.S.C. § 1681b(a)(3)(A).

FCRA § 604 -(15 U.S.C. § 1681b]

(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1)Inresponse to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer, or

(F) otherwise has a legitimate business need for the information-

(i) in connection with a business transaction that is initiated by the consumer;

Under 15 U.S.C. § 1681b(a)(3)(A) and (F)(i) it clearly state that this section pertains to a **"Credit Reporting Agency".** *See CAPPEITA V. GC Services Ltd.* Partnership, 654 F. Supp.2d 453  (E.D. Va., 2009) ("As for "permissible purposes," Congress declared a credit reporting agency  may provide  a consumer's  credit report under the following  circumstances  and not other.") (emphasis added).  The language quite clearly outlines the responsibility of the CRA to determine that they are furnishing a credit report to an entity or individual who the CRA has "reason to believe" has a legitimate purpose.

This section only applies to the CRA and "its reason to believe••• (F) otherwise has a legitimate business need for information" § 168lb(a)(3)(F) (emphasis added), that the entity

they are supplying with your personal info has a legal and legitimate purpose for having it and that they can be trusted to use it for no other purpose. Obviously Defendant here cannot rely on a section of the statute that clearly does not apply to them, but thus far they have been getting away with it ever since the language was written. Why? Because the courts have "assumed" that first they have certified to the CRA that they do indeed have a permissible purpose, that there is indeed an "account" belonging to consumer, that they have somehow acquired the authority and the CRA would not give them your credit report if this were not true, and there is, where the fatal flaw lies.

Plaintiff pray this court grants Plaintiff summary judgment as a matter of law. Plaintiff s evidence of Defendants violation of § 1681b (a) & (f) is not disputed on the facts and Plaintiff must prevail on this issue as a matter of law. Accordingly, Plaintiff is entitled to summary judgment in her favor and against Defendant.

A. Because Reasonable Minds Could Not Differ in Concluding that Defendant Violation of § 1681b(t) was Willful, Plainitff is Entitled to Summary Judgment in his Favor with Respect to said Defendant's Willful Violation of §1681b(f).

Section § 1681n of the FCRA provides for liability for the willful non-compliance with its provisions as follows:

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(l)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court.

(1)  The document or writing is a negotiable instrument as defined in s. 673.1041, a security as defined in s. 678.1021, or any other writing that evidences a right to the payment of money, is not itself a security agreement or lease, and is of a type that is transferred by delivery in the ordinary course of business with any necessary endorsement or assignment.

(2)  A genuine question is raised about the authenticity of the original or any other document or writing.

(3)  It is unfair, under the circumstance, to admit the duplicate in lieu of the original.  "No person shall be deprived of life, liberty or property without due process of law…" Fl. Constit. Sec. 9 "No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed." Fl. Constit. Sec. 10.

Section 90.901, Florida Statutes (1997), requires evidence to be authenticated. Section 90.902 lists a number of items which can be self-authenticated, i.e., admitted without extrinsic evidence of authenticity.  Most of the things which are self-authenticating are items such as official documents, books or other printed materials.

Section 90.901, Florida Statutes (1987), provides that the authentication requirement is satisfied by evidence "sufficient to support a finding that the matter in question is what its proponent claims."  Since traditional methods of authentication (e.g., testimony or other extrinsic evidence) "may prove troublesome, time consuming, and expensive," McCormick on Evidence § 228, at 699 (3d ed. 1984), Section 90.902 permits evidence to be "self-authenticated" when "the document itself discloses sufficient information to be admitted without further proof of its genuineness." C. Ehrhardt, Florida Evidence § 902.1, at 585 (2d ed. 1984). Accordingly, self-authentication is said to be an

"exception" to the general requirement of authentication. 11 J. Moore & H. Bendix,

Moore's Federal Practice § 902.02 (2d ed. 1988); C. Ehrhardt, supra § 902.1, at 585. See

McCormick on Evidence § 228, at 699-700 (self-authentication is an "escape from

authentication requirements").  SUNNYVALE MARITIME CO. v. ELSA DELFINA

MONTOYA GOMEZ, 546 So. 2d 6; 14 Fla. Law W. 322.

   Federal decisions interpreting Federal Rules of Evidence 901 and 902 (upon

which the Florida rules are based) quite clearly hold that self-authentication is only one of

several ways to authenticate documents. "The FRE offers generous opportunity to

authenticate by presentation of sufficient evidence to support the authenticity of a

document. Alternatively, if 902(3) is met the document is self-authenticating." United

States v. Perlmuter, 693 F.2d 1290, 1293 (9th Cir. 1982) (emphasis added).

"Documentary evidence introduced in federal courts must be authenticated under the

provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco Production Co.

v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added). See also First

National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document

was "neither self-authenticating nor authenticated by the testimony"); United States v.

Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-authenticating, it

is admissible under other procedures for authentication); In re Bobby Boggs, Inc., 819

F.2d 574, 580 (5th Cir. 1987); Ogden Environmental Services v. City of San Diego, 687

F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

   "Computer printouts, like business records, are admissible if the custodian

or other qualified witness is available to testify as to manner of preparation, reliability and

trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA

1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA

1974)); seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate

circumstances, a printout may also be admissible as a properly certified copy of an

official public record. See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida

Evidence§902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section

90.902(4), "the custodian of the document, or other person authorized by statute to make a

certification, must certify that the copy is correct and that the person has custody of the

original . . . . The custodian's signature must follow the statement"). CompareKing v.

State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)(holding probation officer's testimony

regarding defendant's release date, based on an unauthenticated Department of

Corrections computer printout, was inadmissible hearsay, and that "[w]ithout the

improperly admitted testimony, the evidence is legally insufficient to support the trial

court's finding that appellant is an habitual felony offender"). Gray v. State, 910 So. 2d

876, 869 (Fla. 1st DCA 2005) (emphasis in original; footnote omitted).*fn2 See also

Glover v. State, 871 So. 2d 1025, 1025-26 (Fla. 1st DCA 2004); King v. State, 590 So. 2d

1032, 1033 (Fla. 1st DCA 1991); Charles W. Ehrhardt, Florida Evidence § 803.6b, at 911-

13 (2006).

Defendant has not demonstrated the assignment of of the alleged obligation giving it

permissible purpose to collect and report information about Plaintiff.

Defendant violated Florida Statutes 559.715, it fail to send Plaintiff notice that it was

assigned this alleged debt, which are condition precedents and applies to those entities

receiving assignments of consumer debts and having failed to comply by providing notice

to Plaintiff within 30 days after assignment Plaintiff alleged this in her complaint but

unskillfully omitted in the FCCPA count. See  (Plaint. Ver. First Amend. Comp. ¶ 12 )

## **CONCLUSION**

For the aforementioned reasons, there is no issue of material facts in dispute in this case. Through its deceptive and unlawful actions, Defendant has violated a plethora of statues and has injured Plaintiff in the process. Defendant's reporting of false and unverifiable information on three separate accounts to the CRAs is the reason Plaintiff's credit score plummeted so much so that she couldn't qualify for an auto loan to refinance her vehicle. Plaintiff is damaged as a result of Defendant's actions.


WHEREFORE, considering the facts and law stated above, Plaintiff respectfully urges the Court to grant Plaintiff's motion for partial summary judgment and enter any additional relief in favor of Plaintiff that this Court deems just and appropriate.


## **PLAINTIFF'S  RESERVATION**

Plaintiff, reserves all constitutional claims for any subsequent litigation in  federal court by making on the record, at this outset, a reservation as to the disposition of the entire case to preserve her claims  for any future appeals.

Respectfully submitted,

_, UCC 1-308_

Blaire Stanley, Plaintiff

VERIFIED CERTIFICATION

I, Blaire Stanley, have read the forgoing statement and everything within above are true, and correct to the

best of my acknowledge under the circumstance it is not being presented for any improper purpose, such

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses,

and other legal contentions are warranted by existing law or by a nonfrivolous argument.

, UCC1-308

(signature)

Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable
under the circumstance it is not being presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal
contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or
reversing existing law or for establishing new law the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support after a reasonable opportunity for further
investigation or discovery and the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or a lack of information and that a true copy
hereof has been furnished to all parties listed below by the method indicated for each party

The undersigned certifies that a true copy of this document has been mailed to DAVID P. HARTNETT HINSHAW
& CULBERTSON LLP 2525 Ponce de leon Boulevard 4th Floor Coral Gables FL 33134 this _8_ day of Sept.
2014.

## UNITED STATES DISTRICT
## COURT SOUTHERN DISTRICT
## OF FLORIDA

BLAIRE STANLEY

vs.                                        Case No. 9:14-CV-80284-DMM

KANSAS COUNSELORS
OF KANSAS CITY, et al.,
_____/

### **AFFIDAVIT OF FACT**

   COMES NOW the Plaintiff, Blaire Stanley, (Affiant/Plaintiff) of Palm Beach County, Florida

who is over the age of 21 years of age, competent to testify and having personal knowledge of

the facts stated in this affidavit, and the information contained herein is true and correct and

declares under penalty of perjury and states as follows:

1. On or about November 2013 Plaintiff applied for an auto loan modification with First

   Choice Loan Liners and was denied credit because of her unqualifying credit score

   secondary to the  false, inaccurate and derogatory information Defendant was reporting

   on her credit report to Experian and Equifax.

2. Plaintiff requested her credit report and upon receipt of it from the credit bureaus Plaintiff

   discovered KANSAS COUNSLORS obtained information and was reporting false,

   inaccurate and derogatory information to both agencies about Plaintiff. Subsequently,

   Plaintiff mailed a timely debt validation letter to Defendant dated December 23, 2013

   requesting the Defendant to validate the three entries it was reporting on the Plaintiffs

   credit reports. See ( Exhibit A).

14. Defendant never sent any initial notice to Plaintiff on September 21, 2011 in reference to an alleged obligation owed to St. Joseph Medical Center demanding $854.75. And Defendant cannot provide any evidence showing it sent this letter.

15. Plaintiff states that Steve Tomac's declaration ¶ 9 is hearsay. He does not have personal knowledge of this because he did not say *he* sent the notice dated September 21, 2011 and his signature does not appear on the statement. See (def suj exh. C)

16. The prima facia evidence provided by KANSAS COUNSLORS regarding the alleged Physicians Reference Lab statement that is supposed to be from Physician's Lab has an amount due of $0.00. See (Def. SJ Exhibit D);

17. KANSAS COUNSLORS' invoice for this alleged obligation shows a balance of $90.98.

18. Plaintiff is not obligated to pay neither Physicians Reference Lab nor Kansas Counselors and has no business relations with either of the two entities.

19. Plaintiff is not obligated to pay neither St. Joseph Medical Center nor Kansas Counselors and has no business relations with either of the two entities.

I certify under penalty of perjury under the laws of the United States of America and the State of Florida that the foregoing is true and correct.
Date:  August 19, 2014

Blaire Stanley

## JURAT

State of Florida            )
                            ) ss.
County of Lee               )

Sworn to (or affirmed) and subscribed before me on this ___19TH___ day of ___AUGUST___ 2014,
by ___Blaire STANLEY___ proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

_____
Notary Signature

NOTARY PUBLIC

**YANIRA CASTRO**
Notary Public, State of Florida
Commission# EE 185548
My comm. expires Apr. 1, 2016

<u>Exhibit List</u>

A) Validation Letter to Kansas Counselors

B) Loan Denial

C) Kansas Counselors Website

D) Letter from Kansas Counselors

E) Certified Receipt of Initial Validation Letter to Kansas Counselors


1) Investigation Letter Results from Equifax

2) Credit Report from Experian

3) Dispute Letter to Experian/NCAC

        3a) Certified Receipt of Dispute Letter to Experian/NCAC

4) Dispute Letter to Equifax

        4a) Certified Receipt of Dispute Letter to Equifax

*Exh "A"*

US POSTAL NO. 7002 7030 0006 4461 5327

BLAIRE STANLEY
440 W 34th St
RIVIERA BECH, FL 33404

December 23, 2013

KANSAS COUNSELORS OF KANSA CITY
PO BOX 14765
SHAWNEE MISSION, KS 66285

RE: ACCT'S. #11121060002932278; 11041060002898988; 10281060003016312
Amount due: $90.00; $513.00; $854.00

NOTICE TO PRINCIPAL NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

To whom it may concern:

KANSAS COUNSELORS OF KANSA CITY hereinafter (debt collector and/or Alleged Creditor). I have recently received my credit report from the three major credit bureaus and it has come to my attention that this account is inaccurate. If you are the debt collector and/or Alleged Creditor, this a request to validate an alleged debt pursuant to U.S.C 5, Federal Debt Collection Practice Act; Freedom of Information (FOIA); Florida consumer Practice Act (FCCPA); UCC 1-103, 1-308, 2-221, 2-104, 3-415-419, 3-500-510; Fair Debt Collection Practices Act" [15 USC 1692 et seq.] whereby, certain Conditions Precedent must be fulfilled in order to state a claim against the Claimant by "debt collector" and/or "allege creditor" in accord with the Statues cited above. Verification is required for this alleged amount due.

> **Advisory note**: The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

1. This attempt, in good faith, is to settle any disputes of inaccuracy of this account. The following Condition Precedents must be fulfilled in order to verify this alleged debt. Conditions set forth are as follows:

   a. True, correct, complete and not misleading copies of all assignments, negotiations, *transfer of rights, novation and the like,* which unambiguously delineates that debt collector is the current owner, assignee, holder, holder in due course, and/or entitlement holder, which absolutely evidences Alleged Creditor's full and complete right of claim, including but not limited to any and all implied and/or expressed written contracts, and/or any and all consent with any such agreement of a novation; Debt collector and/or creditor is further Noticed that this is not a *request by the Claimant for a photocopy of* any invoice, statement, bill, summary, agreement and the like. And that any future communication received by Claimant from Debt Collector, in written as well as any other form, absent the above-cited requisite "Verification of debt", irrespective of the inclusion of any photocopy of any statement, bill summary, agreement, and the like, constitutes Debt Collector's tacit admission, confession and agreement that Debt Collector has no lawful, bona fide or verifiable claim, re the alleged account per the Fair Credit Reporting Act and the Fair Debt Collection Practices, and Uniform Commercial Code (UCC).

   b. Please produce all relative commercial instruments, contracts, whether implied or expressed, which contain exchange of consideration, and which contains verified, bona fide signature of Claimant;

   c. Please provide any absolute evidence of an equal exchange of a benefit for valuable consideration, including but not limited to an exchange of detriment (implied contract, unconscionable, adhesion or otherwise):

   d. Please produce any absolute evidence of any series of external acts giving the objective semblance of an agreement (objective theory);

   e. Please produce any and all documentary evidence between Claimant and debt collector and/or Alleged Creditor, that debt collector and/or Alleged Creditor, rely upon for making a presumptive claim;

   f. Please produce all relative commercial instruments and/or notices, declarations, publications, which clearly and unambiguously delineate that Claimant, was fully and completely apprised of all rights, duties, obligations, liabilities, costs, fees, in advance or subsequent to the alleged incurrence of alleged debt, and where there has been full disclosure of all relevant terms and conditions;

   g. Please produce a certified copy of any and all verified judgments relative to this instant matter.

2. In the event debt collector and/or Alleged Creditor, fails/refuses to respond to this "validation" within the prescribed time of fourteen (14) days or fails/refuses to request for an extension of time within the same prescribed time period, with good cause shown therein, the debt collector, and/or

US POSTAL NO. 7002 2030 0006 4461 5327

*Alleged Creditor will have tacitly acquiesced that debt collector, and/or Alleged Creditor have and hold no bona fide, lawful, verifiable claim re this Alleged Account.*

3.  Claimant does not waive timelines.  However, if additional time is needed, debt collector, and/or Alleged Creditor must make a request in writing before the expiration of the above fourteen (14) days time setting forth the debt collector's and/or Alleged Creditor's reason(s) for requesting such extension of time with good cause shown.  All such request(s) for extension of time will be fully considered by Claimant, either the granting thereof for good cause shown, or the denial thereof, however, such grant or denial is condition solely upon the decision of Claimant.

4.  Debt collector and/or Alleged Creditor also tacitly consent and agree that both debt collector and/or Alleged Creditor have an absolute duty and obligation for preventing this Alleged Account from damnifying the Claimant, in any way shape or form, including but not limited to slander of credit.  Upon debt collector's and/or Alleged Creditors failure/refusal to timely respond, will constitute their tacit acquiescence, thereby making tacit procuration that no bona fide, lawful, verifiable claim exists, past or present, there by consenting and confessing judgment.  Claimant, reserves all rights and defenses, including but not limited to:

    f.  Initiating a counterclaim against debt collector and/or Alleged Creditor;

    g.  Filing a claim in a State or Federal Court and against the bond or insurance contract of any responsible party, including but not limited to debt collector, and/or Alleged Creditor, all principals, agents, assignees, employees of debt collector and/or Alleged Creditor, whose acts, actions, omissions result in any type or kind of tort damages, slander of credit and the like, against the Claimant.

## PRIVACY ACT NOTICE

5.  This written communication constitutes Claimant's due process notice for being heard.  Absent compliance with all requirements set forth herein debt collector and/or Alleged Creditor, are barred from using any defenses of immunity from prosecution for debt collectors and/or Alleged Creditors  acts, actions and omissions, including its/their principals, agents, assigns, employees and the like.

6.  By this notice, debt collector and/or Alleged Creditor, including its/their principals, agents, assigns, employees, shall  comply with the provisions of the "Privacy Act of 1974," as lawfully amended at [12 USC § 3401] , the "Right to Financial Privacy Act" of 1978, as lawfully amended at [5 USC § 552a] , and the "Third Party Summons Act" special procedures [26 USC § 7609], for assisting the Claimant in keeping inviolate certain constitutionally protected privacy rights and guarantees, and from preventing encroachment thereon.

7.  By this notice , debt collector and/or Alleged Creditor, including but not limited to principals, agents, assignees, employees, shall comply with this demand; debt collector and/or Alleged Creditor, shall provide Claimant with a copy of any express written authorization from Claimant, whereby debt collector and/or Alleged Creditors are authorized for disclosing/divulging/sharing,

any type or kind of information with any third-party, in any manner, as well as by means of communication, any information, documentation, data, property, effects and the like re Claimant. Debt collector and/or Alleged Creditor failure/refusal in providing said foregoing demanded

US POSTAL NO. 7002 2030 0006 4461 5327

8. Debt collector and/or Alleged Creditor possesses neither express, written authorization, nor consent, from Claimant for using, revealing/disclosing/divulging/sharing with any third party any secured information, documentation, data, property, effects, and the like of Claimant.

9. If Debt collector and/or Alleged Creditor cannot provide an appropriate claim against Claimant this offer becomes binding upon every principal, agent, assignee, assignor, employer, employee and the like, re the subject matter set forth herein and herewith, and each and every principal and agent is:

   h. Barred from providing any Credit Reporting Agency any derogatory credit information regarding the above referred debt;

   i. Prohibited from contacting any other third party regarding the above referred alleged debt, until debt collector and/or Alleged Creditor have established the existence of a bona fide, lawful, verifiable claim in substance and in fact, and until such alleged debt is verified as indicated herein and herewith.

**Advisory Note:** "Fair Debt Collection Practices Act" [15 USC § 1692 et seq.] states in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the false representation of the character, or legal status of any debt," as well as " the threat to take any legal action that cannot be legally taken," all of which constitute violations of law.

**[15 USC § 1692e(8)]** states: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed, is a violation of § 1692e."

   k. Until the alleged debt is verified in accord with the "Fair Debt Collection Practices Act" and said verification is sent to Claimant, each and every contact received by Claimant, and any and all information which is not removed from the Credit Reporting Agency, constitutes harassment, slander of credit, defamation of character, creating a false public record by use of mails and wire communications, with intent to obstruct lawfully communicated information, and are subject to liability for damages, as well as statutory damages, including any and all legal costs, or fees incurred for each and every violation.

Thank you in advance for your prompt attention to these urgent matters of my concern. If you have any questions or comments please feel free to contact me at the address listed above.

Respectfully,

Blaire Stanley   Secured Party Creditor



**FirstChoice**
CREDIT UNION

1055 South Congress Avenue
West Palm Beach, Florida 33406-5195
Phone: (561) 641-0100 • (561) 641-2735



## Adverse Action Notice

BLAIRE STANLEY
440 WEST 34TH STREET
WEST PALM BEACH, FL 33404

Date: 11/21/2013

Member's Name: BLAIRE STANLEY

Member's Address: 440 WEST 34TH STREET                Member/Account Number: _____

                                        WEST PALM BEACH, FL 33404

Description of Account, Transaction, or Requested Credit: Vehicle Loan

### ACTION TAKEN AFFECTING CREDIT REQUEST OR EXISTING CREDIT

Date of Loan Request: 10/31/2013          Amount of Loan Requested $ 18,534.00

☐ We are unable to process your application because we require the following information to make a decision:

_____

If we do not receive this information by _____ we will be unable to consider your application.

☒ We are unable to extend credit to you at this time.

☐ Your credit limit has been decreased to $ _____

☐ We are unable to honor your request to increase your credit limit.

☐ Other: _____

☐ Your credit has been terminated for the following account:

_____

☐ We are unable to extend credit on the terms you requested but *can offer* credit on the following terms:

_____

If this offer is acceptable to you, please notify us no later than _____ at the address at the top of this notice.

### ACTION TAKEN AFFECTING SHARE DRAFT/CHECKING OR OTHER ACCOUNT OR SERVICE

☐ At this time we are unable to offer you:          ☐ ATM card   ☐ Debit card   ☐ Share draft/checking account
☐ We have terminated/closed your:          ☐ ATM card   ☐ Debit card   ☐ Share draft/checking account
☐ We have suspended your:          ☐ ATM card   ☐ Debit card   ☐ Share draft/checking account
☐ Other: _____

### PART I - PRINCIPAL REASON(S) FOR CREDIT DENIAL, TERMINATION, OR OTHER ACTION TAKEN

*This section must be completed in all instances.*

☐ Incomplete identity information
☐ Unable to verify identity
☐ Credit application incomplete
☐ Insufficient number of credit references provided
☐ Unacceptable type of credit references provided
☐ Unable to verify credit references
☐ Temporary or irregular employment
☐ Unable to verify employment
☐ Length of employment
☐ Income insufficient for amount of credit requested
☒ Excessive obligations in relation to income
☐ Unable to verify income
☐ Length of residence
☐ Temporary residence
☐ Unable to verify residence
☐ No credit file

☐ Limited credit experience
☐ Poor credit performance with us
☒ Delinquent past or present credit obligations with others
☐ Collection action or judgment
☐ Garnishment or attachment
☐ Foreclosure or repossession
☐ Bankruptcy
☐ Number of recent inquiries on credit bureau report
☐ Value or type of collateral not sufficient
☐ We do not offer the type of credit requested
☐ You are not eligible for membership in this credit union
☐ Other, specify: _____

_____
_____
_____

### PLEASE SEE NEXT PAGE FOR EQUAL CREDIT OPPORTUNITY ACT NOTICE

FOR CREDIT UNION USE ONLY

Employee initials: _____          Date mailed or delivered: _____

© CUNA Mutual Group 1980, 82, 84, 86, 90,
2000, 01, 03, 06-08, 10-12 All Rights Reserved

MXX088-e

| PART II - DISCLOSURE OF USE OF INFORMATION OBTAINED FROM AN OUTSIDE SOURCE |
|---|

This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.
Section A applies only if consumer reporting agency information is used. Section B applies only if an outside source other than a consumer reporting agency is used.

## SECTION A

[X] Our credit decision was based in whole or in part on information obtained in a report from a consumer reporting agency listed below. You have the right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you.

You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

We obtained information from the following consumer reporting agency to make our decision about the action(s) on the previous page:

| [ ] Experian | [ ] TransUnion | [X] Equifax |
|---|---|---|
| 701 Experian Parkway | P.O. Box 1000 | P.O. Box 740241 |
| P.O. Box 2002 | Chester, PA 19022 | Atlanta, GA 30374-0241 |
| Allen, TX 75013 | 1.800.888.4213 | 1.800.685.1111 |
| 1.888.397.3742 | www.transunion.com/myoptions | www.equifax.com |
| www.experian.com/reportaccess | | |

Name of Consumer Reporting Agency: _____

Street Address: _____    Telephone Number: _____

City, State, Zip: _____    Website Address: _____

[X] We also obtained your credit score from EQUIFAX _____ and used it in making our credit
decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.  <sub>(single consumer reporting agency)</sub>

Your credit score: _____███_____ Date: __10/31/13__ Scores range from a low of _____300_____ to a high of ____850____

### Key factors that adversely affected your credit score

SERIOUS DELINQUENCY, AND DEROGATORY PUBLIC RECORD OR COLLECTION FILED
NUMBER OF ACCOUNTS WITH DELINQUENCY
PROPORTION OF LOAN BALANCES TO LOAN AMOUNTS IS TOO HIGH
LACK OF RECENT REVOLVING ACCOUNT INFORMATION

## SECTION B

[ ] Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information. To receive this disclosure, contact the credit union.

| EQUAL CREDIT OPPORTUNITY ACT NOTICE |
|---|

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is listed below.

NOTE: If your credit union is federally chartered, its name will end with the words "Federal Credit Union" or the letters "FCU". If your credit union is state chartered, the end of its name will not contain the word "Federal" in the last three words or the letter "F" in the last three letters if its name is abbreviated.

## FEDERAL CHARTERED CREDIT UNIONS
*Over $10 billion in assets:* Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006

*Assets $10 billion and under:* National Credit Union Administration, Office of Consumer Protection (OCP), Division of Consumer Compliance and Outreach (DCCO), 1775 Duke Street, Alexandria, VA 22314

## STATE CHARTERED CREDIT UNIONS
Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580

**CONNECTICUT NOTICE**

THE CONNECTICUT HOME MORTGAGE DISCLOSURE ACT PROHIBITS DISCRIMINATION AGAINST HOME PURCHASE LOAN, HOME IMPROVEMENT LOAN OR OTHER MORTGAGE LOAN APPLICANTS SOLELY ON THE BASIS OF THE LOCATION OF THE PROPERTY T BE USED AS SECURITY. *THE AGENCY WHICH ENFORCES COMPLIANCE WITH THIS LAW IS:*

DEPARTMENT OF BANKING
260 CONSTITUTION PLAZA
HARTFORD, CONNECTICUT 06103

IF YOU BELIEVE YOU HAVE BEEN UNFAIRLY DISCRIMINATED AGAINST, YOU MAY FILE A WRITTEN COMPLAINT WITH TH COMMISSIONER OF BANKING AT THE ABOVE ADDRESS.

**If you have any questions regarding any of the information on this document,**
**please contact us at the credit union address or phone number listed.**

MXX088-e



exh C



## Kansas Counselors Inc.

**KCI**

*We Perform A Difficult Job With The Help of Technology, Experience, And A Remarkable Attitude.*

| Home | Who We Are | What We Do | Let Us Help | | Contact Us | Client Access |

KCI can turn your Accounts Receivables into Revenue!

As a full-service collection agency, we provide a number of services to our clients.

- Professional Debt Collections Nationwide
- More "Per Account" Collection Attempts than our Competitors
- State of the Art Collection Tools
- Full time Client Liaisons to Assist Your Staff and Answer Your Questions
- Professional Liability Insurance
- Free On-Going Training & Educational Seminars
- Free Credit Bureau Listings
- Full Legal and Suit Capabilities
- Small Balance Accounts are thoroughly worked
- Members of the American Collectors Association
- Free Skip-Tracing if the Consumer has moved and left no forwarding address
- SAFE Status On-Line Inquiry to get updated account status and demographic Information.

Upon receipt of your accounts, they are entered into our account database which generates a first collection notice (required by law) during overnight processing. We mail this letter to the consumer and we also send an acknowledgement to the client itemizing each account placed for collection. We then allow the consumer 7 - 10 days to voluntarily contact our office and discuss their past due account. If the consumer elects not to contact us, we begin our outbound collection efforts. KCI averages 45,000 telephone attempts each day in an effort to reach the accounts in our database. We generate as many telephone attempts as possible each day so that we have a better chance to reach the consumer. Once contact has been made, our collector will work with the consumer to obtain rapid resolution of the account. We know that sometimes their willingness to pay may meet with some resistance, so we utilize trained, experienced, and profession debt collectors to counsel with the consumer. Should the consumer continue to avoid payment, we may list the account with each of the 3 national credit bureaus. If the consumer has the ability to pay, but not the willingness, we will consider seeking your approval to place the account with our staff of attorneys for litigation.

© 2014 Kansas Counselors Inc.

4/18/2014 3:11 PM





# KCI

*Kansas Counselors, of Kansas City Inc.*

February 6, 2014

Blaire Stanley
440 W 34th Street
Riviera Beach, FL  33404

Re: Account Validation Statements

Ms. Blaire Stanley,

Please find attached copies of the requested statements for account numbers:
111210600022932278, 11041060002898988 and 10281060003016312.

This communication is from a debt collector.

Kansas Counselors of Kansas City, Inc.
913-541-9925





**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Kansas Counselors of Kansas City
P.O. Box 14745
Shawnee Mission, KS 66285

PS Form 3800, June 2002          See Reverse for Instructions

EQUIFAX

P.O. Box 105518
Atlanta, GA 30348

001183

00157 1863-1183
Blaire Stanley
440 W 34th St Apt 312
Riviera Beach, FL 33404-3010

**CREDIT FILE : January 25, 2014**
**Confirmation # 400200199**

Dear Blaire Stanley:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

**The Results Of Our Reinvestigation:**

**Collection Agency Information.** (This section includes accounts that have been placed for collection with a collection agency.)

>>> **We have researched the collection account.** Account # - 10281060003016312 **The results are:** This item has been deleted from the credit file. If you have additional questions about this item please contact: **Kansas Counselors, Inc., 8725 Rosehill Rd Ste 415, Shawnee Mission KS  66215-4611**

**Collection Agency Information.** (This section includes accounts that have been placed for collection with a collection agency.)

>>> **We have researched the collection account.** Account # - 11121060002932278 **The results are:** This item has been deleted from the credit file. If you have additional questions about this item please contact: **Kansas Counselors, Inc., 8725 Rosehill Rd Ste 415, Shawnee Mission KS  66215-4611**

>>> **We have researched the collection account.** Account # - 11041060002898988 **The results are:** This item has been deleted from the credit file. If you have additional questions about this item please contact: **Kansas Counselors, Inc.  8725 Rosehill Rd Ste 415, Shawnee Mission KS  66215-4611**

( Continued On Next Page )

Page 1 of 2

400P0I119APPI ADM.I0157IAC2 , 1102 , 2002 , AC





**X** Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**BLAIRE  STANLEY**
Your report number is

Report date:
**12/18/2013**

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us
back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
*You may also contact us by mail at:*
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

**Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.**

## Potentially Negative Items or items for further review
back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

12/18/2013 12:24 PM



**KANSAS COUNSELORS OF KANSAS CITY**

PO BOX 14765                     10281060003016312          ST JOSEPH MEDICAL CENTER
SHAWNEE MISSION, KS 66285
(913) 541-9704

0132769184
      Creditor cannot locate individual. $854 past due as of          By Oct 2017, this account is scheduled to go to
Jan 2012.                                                            a positive status.

| 09/2011 | Collection | $854 |
| 01/2012 | 1 Months | NA |
| 01/2012 | $0 | $854 as of 01/2012 |
| 01/2012 | Individual | $0 |

2012
JAN
  C

Collection as of Jan 2012
Creditor cannot locate individual from Jan 03, 2012 to Jan 10,
2012


**KANSAS COUNSELORS OF KANSAS CITY**

PO BOX 14765                     11041060002898988          ST JOSEPH MEDICAL CENTER
SHAWNEE MISSION, KS 66285
(913) 541-9704

0132769184
      Creditor cannot locate individual. $513 past due as of          By Nov 2017, this account is scheduled to go to
Dec 2011.                                                            a positive status.

| 06/2011 | Collection | $513 |
| 10/2011 | 1 Months | NA |
| 10/2011 | $0 | $513 as of 12/2011 |
| 12/2011 | Individual | $0 |

2011
DEC  NOV  OCT
 C    ND    C

Collection as of Dec 2011, Oct 2011
Creditor cannot locate individual from Oct 04, 2011 to Dec 02, 2011

### KANSAS COUNSELORS OF KANSAS CITY

PO BOX 14765              11121060002932278          PHYSICIANS REFERENCE LAB
SHAWNEE MISSION, KS 66285
(913) 541-9704

0132769184
              Creditor cannot locate individual. $90 past due as of              By Nov 2017, this account is scheduled to go to
Dec 2011.                                                     a positive status.

| 07/2011 | Collection | $90 |
| 12/2011 | 1 Months | NA |
| 12/2011 | $0 | $90 as of 12/2011 |
| 12/2011 | Individual | $0 |

2011
DEC
 C

Collection as of Dec 2011
Creditor cannot locate individual from Dec 02, 2011 to Dec 02, 2011




*Exh 59*

US POSTAL NO. 7002 2030 0006 4461 5372

BLAIRE STANLEY
440 WEST 34TH STREET
RIVIERA BEACH, FL 33404

December 23, 2013

EXPERIAN/NCAC
P.O. Box 9701
ALLEN, TX 75013

Re: In accurate reporting

| Item No. | Company Name | Account Number |
|---|---|---|
| | | |
| 5 | KANSAS COUNSELORS OF KANSAS CITY | 10281060003016312 |
| 6 | KANSAS COUNSELORS OF KANSAS CITY | 11041060002898988 |
| 7 | KANSAS COUNSELORS OF KANSAS CITY | 11121060002932278 |

Dear Sir/Madam,

I am requesting that the following inaccurate items be immediately investigated, due to erroneous furnishing on the behalf of the above companies. These items must be removed exigently in order to show my true credit history. Acting in accordance to the provisions of **15 USC sections 1681i** of the Fair Credit Reporting Act of 1970, I demand deletion if these items cannot be verified.

**Advisory note:** The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

US POSTAL NO. 7002 2030 0006 4461 5372

Item No. 5, 6 & 7
Company Name: KANSAS COUNSELORS OF KANSAS CITY
Account No.: 10281060003016312; 11041060002898988; 11121060002932278
Amount Due: $854.00; $513.00; $90.00

The above named account is disputed. I do not have any contractual agreement with this company and I have never received a good or a service from them.  If this alleged account exists they are not able to provide proof of claim of ownership of the debt in the form of a chronological listing of the names of all prior owners of the allege debt and the date of each transfer; nor can they provide a certified or other properly authenticated copy of the bill of sale or other document that transferred ownership of the debt to them; nor can it be proved that they are the purchasers of the debt in the chain of ownership.

Thank you in advance for your prompt attention to these urgent matters of my concern. If you have any questions or comments please feel free to contact me at the address listed above.

Regards,

Blaire Stanley/Secured Party Creditor

Exh 3a

NCAC
P.O. Box 9701
Allen, TX 75013

*Exh 4*

US POSTAL NO. 7002 2030 0006 4461 5402

BLAIRE STANLEY
440 WEST 34TH STREET
RIVIERA BEACH, FL 33404

December 23, 2013

Equifax
P.O. Box 740241
Atlanta, GA 30374-0241

Re: In accurate reporting

| Item No. | Company Name | Account Number |
|---|---|---|
| 5 | KANSAS COUNSELORS OF KANSAS CITY | 10281060003016312 |
| 6 | KANSAS COUNSELORS OF KANSAS CITY | 11041060002898988 |
| 7 | KANSAS COUNSELORS OF KANSAS CITY | 11121060002932278 |

Dear Sir/Madam,

I am requesting that the following inaccurate items be immediately investigated, due to erroneous furnishing on the behalf of the above companies. These items must be removed exigently in order to show my true credit history. Acting in accordance to the provisions of **15 USC sections 1681i** of the Fair Credit Reporting Act of 1970, I demand deletion if these items cannot be verified.

**Advisory note**: The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

US POSTAL NO. 7002 2030 0006 4461 5402

Item No.  5, 6 & 7
Company Name: KANSAS COUNSELORS OF KANSAS CITY
Account No.: 10281060003016312; 11041060002898988; 11121060002932278
Amount Due: $854.00; $513.00; $90.00

The above named account is disputed. I do not have any contractual agreement with this company and I have never received a good or a service from them.  If this alleged account exists they are not able to provide proof of claim of ownership of the debt in the form of a chronological listing of the names of all prior owners of the allege debt and the date of each transfer; nor can they provide a certified or other properly authenticated copy of the bill of sale or other document that transferred ownership of the debt to them; nor can it be proved that they are the purchasers of the debt in the chain of ownership.

Thank you in advance for your prompt attention to these urgent matters of my concern. If you have any questions or comments please feel free to contact me at the address listed above.

Regards,

Blaire Stanley/Secured Party Creditor

Exh 4a



Equifax
P.O. Box 740241
Atlanta, GA 30374-0241

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION


BLAIRE STANLEY

    Plaintiff                     Case No. 9:14-CV-80284

-v-;

KANSAS CITY COUSELORS
AND UNKNOWN OTHERS
    Defendant


## ORDER GRANTING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

This cause having come before the Court on Plaintiff's Motion for Partial Summary Judgment and Incorporated Memorandum of Law filed on September 8, 2014 and the court having considered all and being otherwise fully advised in the premises it is,


ORDERED AND ADJUGED that Plaintiff, Blaire Stanley's, Motion for Partial Summary Judgment and Incorporated Memorandum of Law is hereby GRANTED.


DONE AND ORDERED in Chamber at West Palm Beach in the Southern District of Florida this _____ day of _____ 2014.


                                             _____
                                           U.S. MAGISTRATE JUDGE


Cc
PLAINTIFF
DEFENDANT